1   DANIEL L. WARSHAW (Bar No. 185365)
      dwarshaw@pswplaw.com
2   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    15165 Ventura Boulevard, Suite 400
3   Sherman Oaks, CA 91403
    Telephone: (818) 788-8300
4   Facsimile:  (818) 788-8104

5   JAMES J. PIZZIRUSSO (pro hac vice)
      jpizzirusso@hausfeldllp.com
6   **HAUSFELD, LLP**
    1700 K Street NW
7   Washington, DC 20006
    Telephone: (202) 540-7200
8   Facsimile:  (202) 540-7201

9   [Additional counsel listed on signature
    pages]
10
    Attorneys for Plaintiff Joshua Kairoff and All
11  Others Similarly Situated

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14

15

16  JOSHUA KAIROFF, on Behalf of Himself     | CASE NO. CV-11-2508-JCS
    and All Others Similarly Situated,
17                                             **NOTICE OF AND MEMORANDUM OF**
                  Plaintiffs,                  **POINTS AND AUTHORITIES IN**
18                                             **SUPPORT OF PLAINTIFF KAIROFF'S**
            vs.                                **MOTION FOR APPOINTMENT OF**
19                                             **INTERIM CO-LEAD COUNSEL**
    DROPBOX, INC., a Delaware corporation,
20                                             Date:    August 5, 2011
                  Defendant.                   Time:    9:30 a.m.
21                                             Crtrm.:  A, 15th Floor
22                                             The Honorable Joseph C. Spero
23

24

25

26

27

28

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

    I.      INTRODUCTION ........................................................................................ 1

    II.     BACKGROUND ......................................................................................... 2

    III.    LEGAL STANDARD ................................................................................. 2

    IV.    ARGUMENT .............................................................................................. 3

          A.     THE COURT SHOULD APPOINT PSWP AND HAUSFELD AS INTERIM LEAD CLASS COUNSEL .......................................... 3

          B.     PSWP AND HAUSFELD WILL BEST BE ABLE TO REPRESENT THE PUTATIVE NATIONWIDE CLASS .............. 12

               1.     PSWP and Hausfeld have performed significant work in investigating and prosecuting this case. ............................. 12

               2.     Hausfeld LLP and PSWP have the experience necessary to serve as Interim Lead Class Counsel and have extensive knowledge of the applicable law. .................. 12

               3.     PSWP and Hausfeld have the staffing and resources necessary to aggressively prosecute this case. ....................... 13

               4.     PSWP and Hausfeld will work cooperatively with all other interested counsel to achieve the best result possible for the Class. ............................................................ 14

    V.     CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Four in One Co. v. SK Foods, L.P.*,
No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160 (E.D. Cal. Mar. 19, 2009) .............. 3, 9, 10

*Hart v. Central Sprinkler Corporation*,
Los Angeles County Superior Court, Case No. BC176727 ..................................................... 7

*In re Air Cargo Shipping Serv. Antitrust Litig.*,
240 F.R.D. 56 (E.D.N.Y. 2006) ............................................................................................. 3

*In re California Title Ins. Antitrust Litig.*,
No. 08-cv-01341, 2008 WL 4820752 (N.D. Cal. Nov. 3, 2008).............................................. 2

*In re Graphics Processing Units Antitrust Litig.*,
MDL No. 1826 (N.D. Cal.) ................................................................................................... 10

*In re High Pressure Laminates Antitrust Litig.*,
MDL No. 1368 (S.D.N.Y.)..................................................................................................... 10

*In re International Air Transportation Surcharge Antitrust Litig.*
Case No. M:06-cv-01793-CRB, MDL No. 1793 (N.D. Cal.) ........................................... 9, 10

*In re Municipal Derivatives Antitrust Litig.*,
MDL No. 1950 (S.D.N.Y.)..................................................................................................... 10

*In re NASDAQ Market-Makers Antitrust Litig.*,
169 F.R.D. 493 (S.D.N.Y. 1996).......................................................................................... 13

*In re Publication Paper Antitrust Litig.*,
MDL No. 1631 (D. Conn.) ..................................................................................................... 10

*In Re Sony PS 3 "Other OS" Litigation*,
Case No. C 10-1811 RS (N.D. Cal.) ..................................................................................... 11

*In Re TFT-LCD (Flat Panel) Antitrust Litigation*,
267 F.R.D. 291 (N.D. Cal. 2010) .............................................................................. 3, 6, 7, 14

*In re Transpacific Passenger Air Transportation Antitrust Litig.*,
MDL No. 1913 (N.D. Cal.) ................................................................................................... 10

*In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litigation*,
1:08-md-01982-RDB, 2010 WL 1924012 (D.Md. May 11, 2010)................................. 11, 14

*Khan v. Denny's Holdings, Inc.*,
Los Angeles County Superior Court, Case No. BC177254 ..................................................... 7

*Kosnik v. Carrows Restaurants, Inc.,*
   Los Angeles County Superior Court, Case No. BC219809 ...................................... 7

*Nguyen v. First USA N.A.,*
   Los Angeles County Superior Court, Case No. BC222846 ...................................... 7

*Parkinson v. Hyundai Motor Am.,*
   No. CV06-345AHS (MLGX) et al., 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ........ 3

*Pelletz v. Weyerhaeuser Co.,*
   255 F.R.D. 537 (W.D.Wash. 2009) ........................................................... 11, 13, 14

*Radosti v. Envision EMI, LLC,*
   --- F.Supp.2d ----, 2011 WL 159662 (D.D.C. January 19, 2011) ..................................... 11, 14

*Ross v. Trex Co., Inc.,*
   No. 5:09-CV-00670 JF, 2009 WL 2365865 (N.D.Cal. July 30, 2009) ............................ 11, 14

*Wiener v. Dannon Co.,*
   255 F.R.D. 658 (C.D. Cal. 2009) ................................................................. 13

*Wolph v. Acer America Corp.,*
   No. C 09-01314 JSW, 272 F.R.D. 477 (N.D. Cal. 2011)...................................... 1, 11

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................................... 2

Cal. Bus. & Prof. Code § 17500 ..................................................................... 2

Cal. Civil Code § 1750 .............................................................................. 2

**FEDERAL RULES**

Fed. R. Civ. P. 23 .................................................................................. 3

Fed. R. Civ. P. 23(g)............................................................................ 1, 3, 14

Fed. R. Civ. P. 23(g)(1) ............................................................................. 2

Fed. R. Civ. P. 23(g)(1)(A) ....................................................................... 3, 12

Fed. R. Civ. P. 23(g)(1)(A)(iv) ...................................................................... 13

Fed. R. Civ. P. 23(g)(1)(B) ....................................................................... 3, 14

Fed. R. Civ. P. 23(g)(2) ............................................................................. 3

Fed. R. Civ. P. 23(g)(3) ............................................................................. 2

Fed. R. Civ. P. 23(g)(a)(1)(A) ....................................................................... 3

iii

Fed. R. Civ. P. 23(g)(a)(1)(B) ........................................................................................................ 3

Fed. R. Civ. P. 42 ............................................................................................................................ 1

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that, pursuant to Rules 23(g) and 42 of the Federal Rules of Civil Procedure, on August 5, 2011 at 9:30 a.m., before the Honorable Joseph C. Spero of the Northern District of California, Plaintiff Joshua Kairoff will and hereby does move for an order appointing Pearson, Simon, Warshaw & Penny, LLP and Hausfeld LLP as interim, co-lead Class Counsel.  This Motion is based on the Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declarations of Daniel Warshaw and James Pizzirusso, the papers on file in the matters, and the arguments of counsel, and any other matter the Court wishes to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**     **INTRODUCTION**

By way of this motion, Pearson, Simon, Warshaw & Penny, LLP ("PSWP") and Hausfeld LLP ("Hausfeld") seek appointment as Interim Co-Lead Class Counsel.

This case can be well overseen by two Co-Lead Class Counsel who will be responsible to the Court and the Class, and responsive to Defendant Dropbox, Inc. ("Dropbox").  In this case, Hausfeld and PSWP are highly qualified to fill this role.  Since the inception of this case (and before), Hausfeld and PSWP have expended considerable time and effort developing the case, and are fully committed to reaching a favorable resolution for aggrieved consumers.  Hausfeld and PSWP currently serve as Co-Lead Class Counsel in another certified nationwide class action pending in the Northern District of California – a case involving falsely marketed Acer computers that will likely address many of the same legal issues that may be present here.  *See Wolph v. Acer America Corp*, No. C 09-01314 JSW, 272 F.R.D. 477 (N.D. Cal. 2001) (motion for class certification granted).  Moreover, these two firms currently serve as Lead Class Counsel in dozens of class actions around the country and have obtained some of the largest verdicts and settlements that have ever been reached on behalf of class members.  In short, their Co-Leadership credentials are unmatched.

For all of these reasons, and as detailed more fully below, PSWP and Hausfeld respectfully request that the Court grant their motion.

## II.   **BACKGROUND**

As laid out in further detail in Plaintiff's Complaint, this case involves a popular Internet based file storage, synchronization, and sharing software program that allows users to store and access their documents, media and other files on multiple devices.  Plaintiff alleges that in order to induce consumers to purchase and utilize Dropbox, Defendant made numerous false and misleading misrepresentations, including claims that user files are "always safe," "inaccessible by third parties including Dropbox employees" and stored utilizing "the best tools and engineering practices available."  *See,* Complaint (Dkt. No. 1).  Contrary to these representations, Dropbox does not in fact utilize the most secure methods available to protect its data from access to third parties, allows employees to have access to user data, and has failed to take adequate measures to protect sensitive financial, business and private user information from unauthorized access.  Indeed, during the class period and unbeknownst to users, Dropbox accessed purportedly encrypted and secure customer data in order to eliminate duplicate files from being uploaded on its server and in turn save money on bandwidth and storage costs.  Plaintiffs' complaint contains claims for breach of express and implied warranties, and for violations of the California Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 17500, and Cal. Bus. & Prof. Code § 17200.

## III.   **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  In doing so, the Court should:

> inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

Manual for Complex Litigation-4th at ¶ 21.271.  These factors for appointing interim class counsel are drawn from the Rule 23(g)(1) factors for selecting class counsel. *See In re California*

*Title Ins. Antitrust Litig.,* No. 08-cv-01341, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008)

("[w]hen appointing interim class counsel, a court must find that the applicant is adequate under

[Rule 23(g)(1)(A) and (B)]."); *Four in One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB,

2009 WL 747160, at *1, *3 (E.D. Cal. Mar. 19, 2009) (same).[1]

Courts may also "consider any other matter pertinent to counsel's ability to fairly and

adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While "[n]o single

factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory

Committee Note (2003), the experience and ability of the firms to handle class action litigation

becomes crucial when all firms have undertaken independent investigations into the underlying

facts and legal claims. If more than one adequate applicant seeks to be designated, "the court

must appoint the applicant *best able* to represent the interests of the class." *See* Fed. R. Civ. P.

23(g)(2) (emphasis added). Further, a court may appoint more than one firm to act in a leadership

capacity. *See*, *e.g.*, *SK Foods*, 2009 WL 747160, at *3 (appointing two firms as co-lead counsel,

including Hausfeld) and *In Re TFT-LCD (Flat Panel) Antitrust Litigation*, 267 F.R.D. 291, 316

(N.D. Cal. 2010) (appointing two firms as co-lead counsel, including PSWP).

## IV.   ARGUMENT

The standards outlined above strongly support the designation of PSWP and Hausfeld as

Interim Lead Class Counsel.

### A.   THE COURT SHOULD APPOINT PSWP AND HAUSFELD AS INTERIM LEAD CLASS COUNSEL

#### 1.   Pearson, Simon, Warshaw & Penny, LLP ("PSWP")

PSWP is a civil litigation firm that specializes in class actions, with offices in San

---

[1]      *See also In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in [FED. R. CIV. P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification" and appointing Hausfeld LLP as one of the class counsel); *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGX) *et al.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply, however.").

Francisco and Los Angeles.  The firm handles national and multi-national class actions that present cutting edge issues in both substantive and procedural areas.  The firm's attorneys have expertise in litigating difficult and large cases in an efficient and cost effective manner.  The following is a partial list of the consumer and employment class actions in which attorneys at PSWP have been appointed as Class Counsel:

*In re AEFA Overtime Cases,* Los Angeles County Superior Court, Judicial Council Coordination Proceeding No. 4321.  PSWP attorneys served as class counsel in this overtime class action on behalf of American Express Financial Advisors, which resulted in an outstanding classwide settlement.

*Baker v. Charles Schwab & Co., Inc.,* Los Angeles County Superior Court, Case No. BC286950.  PSWP attorneys served as class counsel for investors who were charged a fee for transferring out assets between June 1, 2002 and May 31, 2003.  This case resulted in a nationwide settlement.

*Castillo v. Pizza Hut, Inc.,* Los Angeles County Superior Court, Case No. BC318765.  PSWP attorneys served as lead class counsel in this California class action brought by delivery drivers who claimed they were not adequately compensated for use of their personally owned vehicles.  This case resulted in a nationwide class settlement.

*Eallonardo v. Metro-Goldwyn-Mayer, Inc.,* Los Angeles County Superior Court, Case No. BC286950.  PSWP attorneys served as class counsel on behalf of a nationwide class of consumers who purchased DVDs manufactured by Defendants.  Plaintiffs alleged that Defendants had engaged in false and misleading advertising relating to the sale of its DVDs.  This case resulted in a nationwide class settlement.

*Hart v. Central Sprinkler Corporation*, Los Angeles County Superior Court, Case No. BC176727.  PSWP attorneys served as class counsel in this consumer class action arising from the sale of nine million defective sprinkler heads.  This case resulted in a nationwide class settlement.

*In re iPod nano Cases*, Los Angeles County Superior Court, Judicial Counsel Coordination Proceeding No. 4469.  PSWP attorneys were appointed co-lead counsel for this class action brought on behalf of California consumers who own defective iPod nanos.

1

2          *Khan v. Denny's Holdings, Inc.*, Los Angeles County Superior
           Court, Case No. BC177254.  PSWP attorneys settled a class action
3          lawsuit against Denny's Restaurants for non-payment of overtime
           wages to its managers and general managers.

4

5          *Kosnik v. Carrows Restaurants, Inc.*, Los Angeles County Superior
           Court, Case No. BC219809.  PSWP attorneys settled a class action
6          lawsuit against Carrows Restaurants for non-payment of overtime
           wages to its assistant managers and managers.

7

8          *Morales v. Associates First Financial Capital Corporation*, San
           Francisco Superior Court, Judicial Council Coordination
9          Proceeding No. 4197.  PSWP attorneys served as class counsel in
           this case arising from the wrongful sale of credit insurance in
10         connection with personal and real estate-secured loans.  This case
           resulted in an extraordinary $240 million recovery for the Class.

11

12         *Nguyen v. First USA N.A.*, Los Angeles County Superior Court,
           Case No. BC222846.  PSWP attorneys served as class counsel on
13         behalf of approximately four million First USA credit card holders
           whose information was sold to third party vendors without their
14         consent.  This case ultimately settled for an extremely valuable
           permanent injunction plus disgorgement of profits to worthy
15         charities.

16         *Olson v. Volkswagen of America, Inc., et al.*, Central District of
           California, Case No. CV07-05334.  PSWP attorneys served as
17         class counsel in a class action against Volkswagen of America and
           Audi of America.  The lawsuit alleged that the 1999 Volkswagen
18         Passat, the 2000-2003 Audi TT, and the 2000-2003 Audi A4
           equipped with a 1.8 liter turbo engine, had defectively designed
19         timing belt systems and defective service and inspection intervals
           for the timing belt system.  The lawsuit resulted in a settlement
20         which provided for a full refund of repair charges associated with
           class members who suffered past timing belt failures and an
21         extended warranty that will protect class members against expenses
           incurred from future timing belt failures.
22

23         *Wolph v. Acer America Corp.*, Northern District of California,
           Case No. C 09-01314.  PSWP attorneys currently serve as Co-Lead
24         Counsel in this certified nationwide class action involving
           defective Acer computers, that addresses many of the same issues
25         as the instant case will likely present here.

26

27         The attorneys at PSWP have been recognized as national leaders in the field of class

28    actions.  They have represented a wide range of clients in numerous class actions and have

1   obtained hundreds of millions of dollars in settlements and verdicts on behalf of their clients.  In

2   addition to the above mentioned cases, attorneys at PSWP currently serve as co-lead counsel in

3   the prominent cases *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827),

4   and hold, or have held, leadership roles in various other notable complex litigation and class

5   action cases.  With strategically located offices in Los Angeles and San Francisco, PSWP is at the

6   forefront of significant consumer and complex business litigation, and is able to effectively and

7   resourcefully represent the putative Class in this case.   The attorneys who will be working on this

8   case include the following experienced class action attorneys:

9        **Bruce L. Simon** is a name partner who specializes in complex litigation and class actions.

10   While at his prior firm, Mr. Simon served as lead or co-lead counsel in several nationwide

11   antitrust class actions, including: *In re Sodium Gluconate Antitrust Litigation* (N.D. Cal., MDL

12   No. 1226), an antitrust case involving a food additive product; *In re Methionine Antitrust*

13   *Litigation* (N.D. Cal., MDL No. 1311), an antitrust class action that resulted in over $100 million

14   in settlements; and *In re Citric Acid Antitrust Litigation* (N.D. Cal., MDL No. 1092), which

15   resulted in over $80 million in settlements for direct purchasers.

16        More recently, Mr. Simon, on behalf of his prior firm, served as co-chair of discovery in

17   *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D. Cal., MDL No. 1486),

18   which settled for over $325 million to the direct purchaser class.  In that case, Mr. Simon and co-

19   counsel supervised the review of a multi-million page electronic document production and the

20   taking of over 100 depositions, all in coordination with the indirect purchaser plaintiffs and the

21   government.  Currently, Mr. Simon is serving as interim co-lead counsel for the direct purchaser

22   plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827).

23   Accordingly, Mr. Simon is experienced in handling the legal and factual issues that are

24   anticipated in this proceeding.

25        Not only has Mr. Simon effectively managed cases through pretrial proceedings, but he

26   has also taken many complex cases to trial.  For example, he tried the *Osborne Securities* case in

27   Santa Clara County and won a multi-million dollar jury verdict.  That case involved critical issues

28   about the responsibilities of accountants and eventually went to the Supreme Court, setting

standards for accounting liability in California.  He also represented Union Bank in a case against a national accounting firm and obtained a $7 million jury verdict that was upheld on appeal.

Mr. Simon is a frequent speaker on trial strategies in business cases, and he has lectured throughout the United States and internationally.  He is a past chair of the California State Bar's Antitrust and Unfair Competition Section and the Business Torts Section of the American Trial Lawyers Association.  Mr. Simon is the co-author of the *Matthew Bender Practice Guide: California Unfair Competition and Business Torts* (2004), which provides in-depth and practical coverage of the state's Unfair Competition Law, as well as antitrust law and other commonly prosecuted business torts.  He is also the immediate past chair of the Board of Directors for Hastings College of the Law.

**Daniel L. Warshaw** is a name partner with extensive experience arguing complex litigation and class action cases.  He has served as Class Counsel in numerous cases, including: *In re Homestore Litigation* (a securities class action); *In re Automotive Refinishing Paint Cases* (an antitrust case alleging price-fixing by Defendants of automotive refinishing products); *Rueda v. Schlumberger Resources Management Services, Inc.* (a class action involving customers of the Los Angeles Department of Water & Power who had lead leaching water meters installed on their property); *Hart v. Central Sprinkler Corporation*; *In re iPod nano Cases*; *Nguyen v. First USA N.A.*; *Morales v. Associates First Financial Capital Corporation*; *In re AEFA Overtime Cases*; *Khan v. Denny's Holdings, Inc.*; and *Kosnik v. Carrows Restaurants Inc.*  Mr. Warshaw also served as Class Counsel in *Olson v. Volkswagen of America, Inc., et al*, where he was instrumental in obtaining a *100% reimbursement of all costs* associated with vehicular timing belt failures, including lodging, meals, and car rentals for Class members, as well as an extended warranty.  Mr. Warshaw served as a contributor for The Rutter Group Federal Civil Trials and Evidence and the upcoming Rutter Group publication, *Civil Claims and Defenses*, Practice Guides relating to California consumer protection statutes.  Warshaw Decl., ¶¶ 6-9, 11.

Mr. Warshaw, with co-counsel is supervising the document review in the *In Re TFT-LCD* litigation which involves in excess of 6 million documents in multiple languages and a review team spread across the country.  Warshaw Decl., ¶ 8.  He is also currently managing the document

1   review and negotiating Electronically Stored Information ("ESI") protocols in the *In Re CRT*

2   *Antitrust Litigation* matter.  He currently serves as Co-Lead Class Counsel in the aforementioned

3   *Wolph v. Acer America Corp.* litigation.  *Id.*

4         **2.**      **Hausfeld LLP ("Hausfeld")**

5         Hausfeld is widely acknowledged to be one of the nation's most prominent plaintiffs'

6   class action firms, and its attorneys possess wide-ranging expertise in class action litigation that

7   they will bring to bear in this matter.  Hausfeld attorneys have been repeatedly recognized as

8   leaders in the class action bar by publications such as *The New York Times* and *The Wall Street*

9   *Journal*.

10        Hausfeld is currently serving as Co-Lead Counsel in thirty-five major national class action

11  cases, including several cases involving fraudulent advertising, breach of warranty, and other

12  claims similar to those herein.  Members of the firm have achieved notable recent successes,

13  including in this District, in terms of settlements and leadership appointments, as follows:

14            *In re International Air Transportation Surcharge Antitrust Litig.*,

15            ("*Air Passenger*").  Case No. M:06-cv-01793-CRB, MDL No.
              1793 (N.D. Cal.).  Hausfeld was appointed by the Hon. Charles R.

16            Breyer as Interim Co-Lead Counsel on behalf of thousands of air
              travellers around the world against British Airways and Virgin

17            Atlantic Airways for fixing prices of air passenger transportation to
              and from the UK to all long-haul destinations in the world.  This

18            matter settled in 2009 for approximately $190 million.

19
              *Ross v. Trex Co., Inc.,* No. C 09-670 JF (PVT) (N.D. Cal.).

20            Hausfeld is one of the Class Counsel in this matter where the Hon.
              Jeremy Fogel approved a nationwide settlement providing for

21            replacement of defective decking products as well as cash labor
              payments.

22
              *In re Transpacific Passenger Air Transport Antitrust Litig.*, 3:07-

23            cv-05634 (N.D. Cal.).  In 2009, Hausfeld was appointed by the

24            Hon. Charles R. Breyer as Interim Co-Lead Counsel for a putative
              class of direct purchaser plaintiffs in this antitrust class action

25            alleging a conspiracy by airlines to fix the prices of passenger fares
              and/or fuel surcharges for trans-Pacific air passenger transportation

26            services to and from the United States in violation of the federal
              Sherman Act.  The Court recently denied most of the Motions to

27            Dismiss in the case.  *In Re: Rubber Chemicals Antitrust Litig.*,

28            Master Docket No. C-03-1496 (N.D. Cal.). In 2006, in this matter

---

Plaintiff's Motion For Appointment of Interim Co-Lead
Counsel
827839.1
     8     CV-11-2508-JCS

before the Hon. Martin J. Jenkins, Hausfeld lawyers, serving as Co-Lead Counsel, settled the direct purchaser class's global price-fixing claims with defendants Flexsys N.V., Flexsys America L.P., Akzo Nobel Chemicals International B.V., Akzo Nobel Chemicals, Inc., Crompton (now Chemtura) and Bayer for more than $300 million.

*Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537 (W.D. Wa. 2009) ("*ChoiceDek*")  Hausfeld served as one of the Class Counsel in a nationwide class action settlement involving defective decking consisting of approximately 140,000 consumers.  The settlement provided free deck cleanings and, if mold returned, replacement product for affected consumers.  While the settlement claims are still being processed, the total value of the settlement is estimated to be between $25 and $50 million.

*In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C.).  Hausfeld lawyers served as co-lead counsel for two certified classes of businesses that directly purchased bulk vitamins and were overcharged as a result of a ten-year global price-fixing and market allocation cartel.  Chief Judge Hogan approved eight major settlements between certain vitamin defendants and the Class Plaintiffs, including a landmark partial settlement of $1.1 billion. In a later trial before Chief Judge Hogan concerning unsettled, a federal jury in Washington unanimously found the remaining defendants liable for participating in the cartel and ordered them to pay approximately $50 million which was trebled to $150 million under the federal antitrust laws.

Hausfeld's lawyers have garnered significant praise from District Court judges, including in California.  In *Air Passenger*, for example, the firm was praised by District Judge Charles R. Breyer of the Northern District of California for its efforts in achieving "really, an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case."  The Court also stated that the firm's lawyers are "more than competent.  They are outstanding."  *See* Pizzirusso Decl.¶ 5. Similarly, in *Four In One Company, Inc. v. SK Foods*, 08-cv-03017, 2009 WL 747160 (E.D. Cal., March 20, 2009), District Judge Morrison C. England Jr. of the Eastern District of California praised the Hausfeld firm for having "the breadth of experience, resources and talent necessary to navigate a case of this import."  In that case, several firms were seeking appointment as interim lead counsel.  The court held that "[a]lthough there [was] no question that the other firms

1   proposed as co-lead counsel are also well qualified," Hausfeld and one other firm "st[ood] out

2   from the rest," leading the court to appoint Hausfeld and the other firm as Interim Co-Lead

3   Counsel.  *Id.* at *3.

4       Additional details on the firm, including its work on consumer rights and in other

5   significant litigation, are supplied in its Firm Resume (*see* Pizzirusso Decl., Exh. A) and on its

6   website, located at <http://www.hausfeldllp.com>.[2]  The Hausfeld attorneys that have worked on

7   this case from its inception, and that will continue to staff this matter, include (but are not limited

8   to) the following experienced class action attorneys:

9       **Michael P. Lehmann**, the head of Hausfeld's San Francisco office, has 33 years of

10  experience in complex and class action litigation, with a practice that has ranged from class action

11  litigation, to business litigation on behalf of individual clients, to extensive regulatory work

12  before federal, state, and international bodies, to domestic and international arbitration.  Prior to

13  joining Hausfeld, Mr. Lehmann had worked at what became Furth Lehmann LLP, where he

14  eventually served as Managing Partner.  In recent years, he has served as co-lead counsel in

15  numerous class action cases, including in this District, in numerous state court actions in

16  California, and in various national class actions around the country.  Mr. Lehmann played a major

17  role in a number of the most important recent multidistrict class actions, including: *In re*

18  *International Air Transport Surcharge Antitrust Litig*., MDL No. 1793 (N.D. Cal.) ("*Air*

19  *Passenger*"); *In re Transpacific Passenger Air Transportation Antitrust Litig*., MDL No. 1913

20  (N.D. Cal.); *In re Municipal Derivatives Antitrust Litig*., MDL No. 1950 (S.D.N.Y.); *In re*

21  *Publication Paper Antitrust Litig.*, MDL No. 1631 (D. Conn.); *In re High Pressure Laminates*

22  *Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), and *In re Graphics Processing Units Antitrust Litig*.,

23

---

[2]     With respect to pro bono work, members of the Hausfeld firm pioneered the efforts on behalf of Holocaust victims to
recover a portion of their family's assets that were wrongfully taken from them by certain Swiss Banks and their German
collaborators during World War II.  In total, $1.25 billion in assets was recovered for these victims. Hausfeld lawyers also
represented the largest group of survivors and their families who had been forced into slave labor for German companies during
World War II.  Hausfeld's efforts resulted in an agreement by these companies and the German Government to create a fund of
$5.2 billion from which individual payments were made to victims wherever in the world they resided.  Hausfeld lawyers
additionally litigated a case against the government of Japan on behalf 200,000 women that had been forced into prostitution by
the Japanese military during World War II. These so-called "comfort women" were systematically held against their will and
raped by Japanese military personnel during Japan's conquest of Southeast Asia.  Additionally, Hausfeld lawyers represented
survivors of the 1921 Tulsa Race Riot.

28

---

Plaintiff's Motion For Appointment of Interim Co-Lead
Counsel
827839.1

CV-11-2508-JCS

1    MDL No. 1826 (N.D. Cal.).

2         **James Pizzirusso**, the head of Hausfeld LLP's Consumer Protection practice group, has

3    extensive experience in class action litigation.  He currently serves as court-appointed lead or

4    interim lead counsel in two major class actions in this district: *See, e.g., Wolph v. Acer America*

5    *Corp.*, 272 F.R.D. 477 (N.D. Cal. 2011) (certifying nationwide class action involving defective

6    and false advertised computers) and *In Re Sony PS 3 "Other OS" Litigation*, Case No. C 10-1811

7    RS (N.D. Cal.), and has had significant roles in other California consumer class actions including

8    *In re iPod Cases*; JCCP No. 4355 (San Mateo County, California) (nationwide settlement on

9    behalf of purchasers of iPods which contained defective batteries approved in 2005).

10        He has served as Lead or Class Counsel in 4 other major nationwide class actions that

11   have settled in the last two years involving approximately $75-$100 million in cash and other

12   relief including: *Radosti v. Envision EMI, LLC*, --- F.Supp.2d ----, 2011 WL 159662 (D.D.C.

13   January 19, 2011) (granting nationwide class certification and approving class settlement

14   regarding misrepresented inauguration program); *In re Tyson Foods, Inc., Chicken Raised*

15   *Without Antibiotics Consumer Litigation*, 1:08-md-01982-RDB, 2010 WL 1924012 (D. Md.

16   May 11, 2010) (granting nationwide class certification and approving class settlement over falsely

17   labeled chicken products); *Ross v. Trex Co., Inc*., No. 5:09-CV-00670, 2009 WL 2365865 (N.D.

18   Cal. July 30, 2009) (granting nationwide class certification and preliminarily approving class

19   settlement, later finally approved, involving defective decking products); *Pelletz v. Weyerhaeuser*

20   *Co.*, 255 F.R.D. 537 (W.D. Wash. 2009) (granting nationwide class certification and approving

21   settlement regarding defective decking products).

22        In March 2010, *Lawdragon Magazine* profiled Mr. Pizzirusso's practice in its "Lawyer

23   Limelight."[3]  He has served as an adjunct professor at George Washington University, has

24   published several articles, and presented on numerous topics involving class actions and

25   consumer protection law. Pizzirusso Decl., ¶¶ 8-11.

26

27

28   [3]         <http://www.lawdragon.com/index.php/newdragon/fullstory/lawyer_limelight_james_pizzirusso/>

**B.     PSWP AND HAUSFELD WILL BEST BE ABLE TO REPRESENT THE PUTATIVE NATIONWIDE CLASS**

> **1.     PSWP and Hausfeld have performed significant work in investigating and prosecuting this case.**

The Court should consider the work that Hausfeld and PSWP have already performed in investigating and prosecuting this case.  Fed. R. Civ. P. 23(g)(1)(A).  The Advisory Committee Notes (2003) provide that the investigatory and analytical efforts of counsel are an important factor in appointing lead class counsel:

> [i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120[3][a] (3d. ed. 2007).

PSWP and Hausfeld have a filed a comprehensive, 32-page Complaint detailing their allegations and claims.  While this is the only Complaint on file at the moment, PSWP and Hausfeld anticipate that additional Counsel may also file similar cases based, at least in part, on the extensive preliminary work already completed by PSWP and Hausfeld.  PSWP and Hausfeld are uniquely situated to efficiently prosecute this case based on the information they have already received and reviewed, their familiarity with the claims, and their contacts with affected class members.

> **2.     Hausfeld LLP and PSWP have the experience necessary to serve as Interim Lead Class Counsel and have extensive knowledge of the applicable law.**

Courts throughout the country have appointed PSWP and Hausfeld and their attorneys as class counsel in hundreds of class actions, including many in this district.  Pizzirusso Decl., ¶¶ 4, 7; Warshaw Decl., ¶ 8.  Many of these appointments were in consumer fraud cases such as this one, and these cases alone have led to hundreds of millions of dollars in cash relief to affected consumers, plus additional equitable relief.  *Id.*  Class members will benefit by the appointment of counsel who have the experience of devising a fair settlement structure and claims protocol in

1    similar cases.  For example, in granting final approval in *Pelletz*, a case in which Hausfeld was a

2    lead counsel, Judge Coughenour of the Western District of Washington found that the settlement

3    provided "substantial benefits" to the Class without the delay, expense, and risk of litigation.

4    *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542-43 (W.D. Wash. 2009).  PSWP's and

5    Hausfeld's vast experience in this area of the law is described in further detail in the

6    accompanying Declarations and the firms' resumes.  PSWP's and Hausfeld's extensive

7    experience in this area of law, combined with their successful resolution of similar cases,

8    demonstrate their unique qualifications to serve as lead counsel here.

9              **3.      PSWP and Hausfeld have the staffing and resources necessary to**
                         **aggressively prosecute this case.**
10

11            The Court should also consider, in part, the resources counsel will commit to representing

12   the Class.  Fed. R. Civ. P. 23(g)(1)(A)(iv).  A class is fairly and adequately represented where

13   counsel are qualified, experienced, and generally able to conduct the litigation on its behalf.  *See,*

14   *e.g., Wiener v. Dannon Co.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009); *In re NASDAQ Market-*

15   *Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy

16   requirement where they are able to prosecute the action vigorously).  As a truly international law

17   firm, with twenty-three lawyers in its offices in San Francisco, Washington D.C., and

18   Philadelphia, as well as in London and joint ventures in Asia and South America,  Hausfeld is

19   well-situated to prosecute a nationwide case such as this one.  Similarly, PSWP has fourteen

20   attorneys in offices in Los Angeles and San Francisco and extensive experience litigating claims

21   in the federal courts in California.

22            In addition to their lawyer professionals, who have developed national and international

23   reputations for top quality work, these firms also maintain staffs with dozens of paralegals,

24   investigators, litigation support staff, and others.  Two of PSWP's attorneys will also be actively

25   involved in this litigation.  These attorneys are Daniel L. Warshaw and Bruce L. Simon, both of

26   whom have extensive experience in complex litigation and class action cases and have obtained

27   favorable results for their clients in dozens of matters.  Two of Hausfeld's attorneys are also

28   actively involved in all facets of this litigation.  The lead attorney on the case is James J.

1   Pizzirusso, who is highly experienced in economic injury product defect law, and has served in a

2   leadership capacity in numerous cases.  Pizzirusso Decl., ¶ 8.  Supporting him is his partner,

3   Michael P. Lehmann, who has extensive experience in complex class action cases, including

4   numerous cases involving consumer fraud claims.  *Id.* at ¶¶ 9-10.

5        PSWP and Hausfeld also have the financial resources necessary to represent the Class, and

6   will commit the resources necessary to litigate this case vigorously to its conclusion.  Pizzirusso

7   Decl., ¶ 12; Warshaw Decl., ¶ 10.  PSWP and Hausfeld have already committed the full resources

8   of their firms, including the time and efforts of five of their senior attorneys, to perform legal

9   research and fact investigation in this case, and will continue to do so.  Accordingly, PSWP and

10  Hausfeld easily satisfy the adequacy requirement of Rule 23(g).

11          **4.      PSWP and Hausfeld will work cooperatively with all other interested
                   counsel to achieve the best result possible for the Class.**
12

13       The Court may also consider any other factors that are relevant to the appointment of lead

14  counsel.  Fed. R. Civ. P. 23(g)(1)(B).  Here, one important factor is PSWP's and Hausfeld's

15  demonstrated ability to work efficiently and cooperatively with co-counsel.

16       This case may eventually involve plaintiffs represented by several firms.  Therefore, it is

17  important that lead counsel give voice to all interested parties and be capable of working

18  cooperatively to forge consensus when necessary.  PSWP is serving in a co-lead capacity in the

19  *TFT-LCD* case, which involve large Executive Committees interfacing with the indirect purchaser

20  plaintiffs' counsel. Similarly, in settling the *ChoiceDek*, *Tyson*, *Envision*, and *Trex* cases in the

21  last year, Hausfeld showed these very qualities in working with many different firms involved in

22  those cases.  Further, as demonstrated in their firm resumes, Hausfeld and PSWP have worked in

23  a leadership capacity on countless nationwide cases involving a number of firms with

24  demonstrated success.

25       Thus, by appointing PSWP and Hausfeld, the Court will be assured that Co-Lead Counsel

26  have the knowledge and standing necessary to include any other potentially interested parties and

27  act upon consensus views, thereby minimizing conflicts that can otherwise hamper complex,

28  nationwide litigation such as this.

1    **V.      <u>CONCLUSION</u>**

2            PSWP and Hausfeld have expended significant time and independent effort developing

3    this case and are fully committed to reaching a favorable resolution for aggrieved consumers.

4    They have the experience and resources necessary to serve as Lead Counsel, particularly given

5    their successful resolution of similar cases.  For all these reasons, the Court should appoint PSWP

6    / / /

7    / / /

8    / / /

9    / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1   and Hausfeld as Interim Lead Class Counsel.

2

3   DATED: June 13, 2011

4

5                                      By:  _____/s/_____
                                                Daniel L. Warshaw

6                                      CLIFFORD H. PEARSON (Bar No. 108523)
                                       cpearson@pswplaw.com
7                                      DANIEL L. WARSHAW (Bar No. 185365)
                                       dwarshaw@pswplaw.com
8                                      BOBBY POUYA (Bar No. 245527)
                                       bpouya@pswplaw.com
9                                      PEARSON, SIMON, WARSHAW &
                                       PENNY, LLP
10                                     15165 Ventura Boulevard, Suite 400
                                       Sherman Oaks, California 91403
11                                     Telephone: (818) 788-8300
                                       Facsimile:  (818) 788-8104
12
                                       JAMES J. PIZZIRUSSO (pro hac vice)
13                                     jpizzirusso@hausfeldllp.com
                                       HAUSFELD LLP
14                                     1700 K Street NW, Suite 650
                                       Washington, DC  20006
15                                     Telephone: (202) 540-7200
                                       Facsimile:  (202) 540-7201
16
                                       BRUCE L. SIMON (Bar No. 96241)
17                                     bsimon@pswplaw.com
                                       PEARSON, SIMON, WARSHAW & PENNY,
18                                     LLP
                                       44 Montgomery Street, Suite 2450
19                                     San Francisco, California 94104
                                       Telephone: (415) 433 9000
20                                     Facsimile:  (415) 433 9008

21                                     MICHAEL P. LEHMANN (Bar No. 77152)
                                       mlehmann@hausfeldllp.com
22                                     HAUSFELD LLP
                                       44 Montgomery Street, Suite 3400
23                                     Telephone: (415) 633-1908
                                       Facsimile:  (415) 693-0770
24
                                       Attorneys for Plaintiff Joshua Kairoff and All
25                                     Others Similarly Situated

26

27

28