1   DANIEL L. WARSHAW (Bar No. 185365)
       dwarshaw@pswplaw.com
2   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    15165 Ventura Boulevard, Suite 400
3   Sherman Oaks, CA 91403
    Telephone: (818) 788-8300
4   Facsimile: (818) 788-8104

5   JAMES J. PIZZIRUSSO (pro hac vice)
       jpizzirusso@hausfeldllp.com
6   **HAUSFELD, LLP**
    1700 K Street NW
7   Washington, DC 20006
    Telephone: (202) 540-7200
8   Facsimile: (202) 540-7201

9   [Additional counsel listed on signature pages]

10  Attorneys for Plaintiff Joshua Kairoff and All
    Others Similarly Situated

11

12              **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

14

15  JOSHUA KAIROFF, on Behalf of Himself          CASE NO. CV 11-02508 PJH
    and All Others Similarly Situated,
16                                                **NOTICE OF AND MEMORANDUM OF**
                            Plaintiffs,           **POINTS AND AUTHORITIES IN**
17                                                **SUPPORT OF PLAINTIFF KAIROFF'S**
               vs.                                **MOTION FOR APPOINTMENT OF**
18                                                **INTERIM CO-LEAD COUNSEL**
    DROPBOX, INC., a Delaware corporation,
19                                                Date:    August 10, 2011
                            Defendant.           Time:    9:00 a.m.
20                                                Crtrm.:  3, 3rd Floor

21                                                The Honorable Phyllis J. Hamilton

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................1

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ..................................................................................................2

III.    LEGAL STANDARD ...........................................................................................2

IV.     ARGUMENT ......................................................................................................3

        A.      THE COURT SHOULD APPOINT PSWP AND HAUSFELD AS
                INTERIM LEAD CLASS COUNSEL ..........................................................3

        B.      PSWP AND HAUSFELD WILL BEST BE ABLE TO
                REPRESENT THE PUTATIVE NATIONWIDE CLASS ........................12

                1.      PSWP and Hausfeld have performed significant work in
                        investigating and prosecuting this case. ..........................................12

                2.      Hausfeld LLP and PSWP have the experience necessary to
                        serve as Interim Lead Class Counsel and have extensive
                        knowledge of the applicable law. ...................................................12

                3.      PSWP and Hausfeld have the staffing and resources
                        necessary to aggressively prosecute this case. ................................13

                4.      PSWP and Hausfeld will work cooperatively with all other
                        interested counsel to achieve the best result possible for the
                        Class. ...........................................................................................14

V.      CONCLUSION ...................................................................................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Four in One Co. v. SK Foods, L.P.*,
  No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160 (E.D. Cal. Mar. 19, 2009) .............. 3, 9, 10

*Hart v. Central Sprinkler Corporation*,
  Los Angeles County Superior Court, Case No. BC176727 ...................................................... 7

*In re Air Cargo Shipping Serv. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................................................. 3

*In re California Title Ins. Antitrust Litig.*,
  No. 08-cv-01341, 2008 WL 4820752 (N.D. Cal. Nov. 3, 2008)................................................ 2

*In re Graphics Processing Units Antitrust Litig.*,
  MDL No. 1826 (N.D. Cal.) ...................................................................................................... 11

*In re High Pressure Laminates Antitrust Litig.*,
  MDL No. 1368 (S.D.N.Y.)....................................................................................................... 11

*In re International Air Transport Surcharge Antitrust Litig.*,
  MDL No. 1793 (N.D. Cal.) .................................................................................................... 9, 10

*In re Municipal Derivatives Antitrust Litig.*,
  MDL No. 1950 (S.D.N.Y.)....................................................................................................... 10

*In re NASDAQ Market-Makers Antitrust Litig.*,
  169 F.R.D. 493 (S.D.N.Y. 1996).............................................................................................. 13

*In re Publication Paper Antitrust Litig.*,
  MDL No. 1631 (D. Conn.) ....................................................................................................... 10

*In Re Sony PS 3 "Other OS" Litigation*,
  Case No. C 10-1811 RS (N.D. Cal.) ....................................................................................... 11

*In Re TFT-LCD (Flat Panel) Antitrust Litigation*,
  267 F.R.D. 291 (N.D. Cal. 2010) ....................................................................................3, 5-7, 14

*In re Transpacific Passenger Air Transportation Antitrust Litig.*,
  MDL No. 1913 (N.D. Cal.) ...................................................................................................... 10

*In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litigation*,
  1:08-md-01982-RDB, 2010 WL 1924012 (D.Md. May 11, 2010)................................... 11, 14

*Khan v. Denny's Holdings, Inc.*,
  Los Angeles County Superior Court, Case No. BC177254 ...................................................... 7

*Kosnik v. Carrows Restaurants, Inc.,*
   Los Angeles County Superior Court, Case No. BC219809 ....................................... 7

*Nguyen v. First USA N.A.,*
   Los Angeles County Superior Court, Case No. BC222846 ....................................... 7

*Parkinson v. Hyundai Motor Am.,*
   No. CV06-345AHS ......................................................................................... 3

*Pelletz v. Weyerhaeuser Co.,*
   255 F.R.D. 537 (W.D. Wa. 2009) ("*ChoiceDek*") ..................................... 11, 13, 14

*Radosti v. Envision EMI, LLC,*
   --- F.Supp.2d ----, 2011 WL 159662 (D.D.C. January 19, 2011) .................................... 11, 14

*Ross v. Trex Co., Inc.,*
   No. 5:09-CV-00670, 2009 WL 2365865 (N.D.Cal. July 30, 2009) ................................ 11, 14

*Wiener v. Dannon Co.,*
   255 F.R.D. 658 (C.D. Cal. 2009) ............................................................ 13

*Wolph v. Acer America Corp.,*
   No. C 09-01314 JSW, 272 F.R.D. 477 (N.D. Cal. 2011) ........................................ 1, 11

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ...................................................................... 2

Cal. Bus. & Prof. Code § 17500 ...................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................... 3

Fed. R. Civ. P. 23(g) ...................................................................... 1, 3, 14

Fed. R. Civ. P. 23(g)(1) ........................................................................... 2

Fed. R. Civ. P. 23(g)(1)(A) ................................................................. 3, 12

Fed. R. Civ. P. 23(g)(1)(A)(iv) ................................................................. 13

Fed. R. Civ. P. 23(g)(1)(B) ................................................................. 3, 14

Fed. R. Civ. P. 23(g)(2) ........................................................................... 3

Fed. R. Civ. P. 23(g)(3) ........................................................................... 2

Fed. R. Civ. P. 23(g)(a)(1)(A) .................................................................. 3

Fed. R. Civ. P. 23(g)(a)(1)(B) .................................................................. 3

Fed. R. Civ. P. 42 ................................................................................................................... 1

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that, pursuant to Rules 23(g) and 42 of the Federal Rules of Civil Procedure, on August 10, 2011 at 9:00 a.m., before the Honorable Phyllis J. Hamilton of the Northern District of California, Plaintiff Joshua Kairoff will and hereby does move for an order appointing Pearson, Simon, Warshaw & Penny, LLP and Hausfeld LLP as interim, co-lead Class Counsel. This Motion is based on the Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declarations of Daniel Warshaw and James Pizzirusso, the papers on file in the matters, and the arguments of counsel, and any other matter the Court wishes to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

By way of this motion, Pearson, Simon, Warshaw & Penny, LLP ("PSWP") and Hausfeld LLP ("Hausfeld") seek appointment as Interim Co-Lead Class Counsel.

This case can be well overseen by two Co-Lead Class Counsel who will be responsible to the Court and the Class, and responsive to Defendant Dropbox, Inc. ("Dropbox"). In this case, Hausfeld and PSWP are highly qualified to fill this role. Since the inception of this case (and before), Hausfeld and PSWP have expended considerable time and effort developing the case, and are fully committed to reaching a favorable resolution for aggrieved consumers. Hausfeld and PSWP currently serve as Co-Lead Class Counsel in another certified nationwide class action pending in the Northern District of California – a case involving falsely marketed Acer computers that will likely address many of the same legal issues that may be present here. *See Wolph v. Acer America Corp*, No. C 09-01314 JSW, 272 F.R.D. 477 (N.D. Cal. 2001) (motion for class certification granted). Moreover, these two firms currently serve as Lead Class Counsel in dozens of class actions around the country and have obtained some of the largest verdicts and settlements that have ever been reached on behalf of class members. In short, their Co-Leadership credentials are unmatched.

For all of these reasons, and as detailed more fully below, PSWP and Hausfeld respectfully request that the Court grant their motion.

## II.   **BACKGROUND**

As laid out in further detail in Plaintiff's Complaint, this case involves a popular Internet based file storage, synchronization, and sharing software program that allows users to store and access their documents, media and other files on multiple devices.  Plaintiff alleges that in order to induce consumers to purchase and utilize Dropbox, Defendant made numerous false and misleading misrepresentations, including claims that user files are "always safe," "inaccessible by third parties including Dropbox employees" and stored utilizing "the best tools and engineering practices available."  *See,* Complaint (Dkt. No. 1).  Contrary to these representations, Dropbox does not in fact utilize the most secure methods available to protect its data from access to third parties, allows employees to have access to user data, and has failed to take adequate measures to protect sensitive financial, business and private user information from unauthorized access.  Indeed, during the class period and unbeknownst to users, Dropbox accessed purportedly encrypted and secure customer data in order to eliminate duplicate files from being uploaded on its server and in turn save money on bandwidth and storage costs.  Plaintiffs' complaint contains claims for breach of express and implied warranties, and for violations of the California Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 17500, and Cal. Bus. & Prof. Code § 17200.

## III.   **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  In doing so, the Court should:

> inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

Manual for Complex Litigation-4th at ¶ 21.271.  These factors for appointing interim class counsel are drawn from the Rule 23(g)(1) factors for selecting class counsel.  *See In re California Title Ins. Antitrust Litig.,* No. 08-cv-01341, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008)

1  ("[w]hen appointing interim class counsel, a court must find that the applicant is adequate under

2  [Rule 23(g)(1)(A) and (B)]."); *Four in One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB,

3  2009 WL 747160, at *1, *3 (E.D. Cal. Mar. 19, 2009) (same).[1]

4       Courts may also "consider any other matter pertinent to counsel's ability to fairly and

5  adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While "[n]o single

6  factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory

7  Committee Note (2003), the experience and ability of the firms to handle class action litigation

8  becomes crucial when all firms have undertaken independent investigations into the underlying

9  facts and legal claims. If more than one adequate applicant seeks to be designated, "the court

10  must appoint the applicant *best able* to represent the interests of the class." *See* Fed. R. Civ. P.

11  23(g)(2) (emphasis added). Further, a court may appoint more than one firm to act in a leadership

12  capacity. *See, e.g.*, *SK Foods*, 2009 WL 747160, at *3 (appointing two firms as co-lead counsel,

13  including Hausfeld) and *In Re TFT-LCD (Flat Panel) Antitrust Litigation*, 267 F.R.D. 291, 316

14  (N.D. Cal. 2010) (appointing two firms as co-lead counsel, including PSWP).

15  **IV.    ARGUMENT**

16       The standards outlined above strongly support the designation of PSWP and Hausfeld as

17  Interim Lead Class Counsel.

18  **A.    THE COURT SHOULD APPOINT PSWP AND HAUSFELD AS INTERIM
          LEAD CLASS COUNSEL**

19

20       **1.    Pearson, Simon, Warshaw & Penny, LLP ("PSWP")**

21       PSWP is a civil litigation firm that specializes in class actions, with offices in San

22  Francisco and Los Angeles. The firm handles national and multi-national class actions that

23  present cutting edge issues in both substantive and procedural areas. The firm's attorneys have

24  expertise in litigating difficult and large cases in an efficient and cost effective manner. The

25  ───────────────

[1] *See also In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)
26  ("[I]t appears to be generally accepted that the considerations set out in [Fed. R. Civ. P.
    23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified,
    apply equally to the designation of interim class counsel before certification" and appointing
27  Hausfeld LLP as one of the class counsel); *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS
    (MLGX) *et al.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria
28  to consider when appointing class counsel, without distinguishing interim counsel. Presumably,
    the same factors apply, however.").

1 following is a partial list of the consumer and employment class actions in which attorneys at

2 PSWP have been appointed as Class Counsel:

> *In re AEFA Overtime Cases,* Los Angeles County Superior Court, Judicial Council Coordination Proceeding No. 4321. PSWP attorneys served as class counsel in this overtime class action on behalf of American Express Financial Advisors, which resulted in an outstanding classwide settlement.
>
> *Baker v. Charles Schwab & Co., Inc.,* Los Angeles County Superior Court, Case No. BC286950. PSWP attorneys served as class counsel for investors who were charged a fee for transferring out assets between June 1, 2002 and May 31, 2003. This case resulted in a nationwide settlement.
>
> *Castillo v. Pizza Hut, Inc.,* Los Angeles County Superior Court, Case No. BC318765. PSWP attorneys served as lead class counsel in this California class action brought by delivery drivers who claimed they were not adequately compensated for use of their personally owned vehicles. This case resulted in a nationwide class settlement.
>
> *Eallonardo v. Metro-Goldwyn-Mayer, Inc.,* Los Angeles County Superior Court, Case No. BC286950. PSWP attorneys served as class counsel on behalf of a nationwide class of consumers who purchased DVDs manufactured by Defendants. Plaintiffs alleged that Defendants had engaged in false and misleading advertising relating to the sale of its DVDs. This case resulted in a nationwide class settlement.
>
> *Hart v. Central Sprinkler Corporation*, Los Angeles County Superior Court, Case No. BC176727. PSWP attorneys served as class counsel in this consumer class action arising from the sale of nine million defective sprinkler heads. This case resulted in a nationwide class settlement.
>
> *In re iPod nano Cases*, Los Angeles County Superior Court, Judicial Counsel Coordination Proceeding No. 4469. PSWP attorneys were appointed co-lead counsel for this class action brought on behalf of California consumers who own defective iPod nanos.
>
> *Khan v. Denny's Holdings, Inc.,* Los Angeles County Superior Court, Case No. BC177254. PSWP attorneys settled a class action lawsuit against Denny's Restaurants for non-payment of overtime wages to its managers and general managers.

*Kosnik v. Carrows Restaurants, Inc.,* Los Angeles County Superior Court, Case No. BC219809.  PSWP attorneys settled a class action lawsuit against Carrows Restaurants for non-payment of overtime wages to its assistant managers and managers.

*Morales v. Associates First Financial Capital Corporation*, San Francisco Superior Court, Judicial Council Coordination Proceeding No. 4197.  PSWP attorneys served as class counsel in this case arising from the wrongful sale of credit insurance in connection with personal and real estate-secured loans.  This case resulted in an extraordinary $240 million recovery for the Class.

*Nguyen v. First USA N.A.*, Los Angeles County Superior Court, Case No. BC222846.  PSWP attorneys served as class counsel on behalf of approximately four million First USA credit card holders whose information was sold to third party vendors without their consent.  This case ultimately settled for an extremely valuable permanent injunction plus disgorgement of profits to worthy charities.

*Olson v. Volkswagen of America, Inc., et al.*, Central District of California, Case No. CV07-05334.  PSWP attorneys served as class counsel in a class action against Volkswagen of America and Audi of America.  The lawsuit alleged that the 1999 Volkswagen Passat, the 2000-2003 Audi TT, and the 2000-2003 Audi A4 equipped with a 1.8 liter turbo engine, had defectively designed timing belt systems and defective service and inspection intervals for the timing belt system.  The lawsuit resulted in a settlement which provided for a full refund of repair charges associated with class members who suffered past timing belt failures and an extended warranty that will protect class members against expenses incurred from future timing belt failures.

*Wolph v. Acer America Corp.*, Northern District of California, Case No. C 09-01314.  PSWP attorneys currently serve as Co-Lead Counsel in this certified nationwide class action involving defective Acer computers, that addresses many of the same issues as the instant case will likely present here.

The attorneys at PSWP have been recognized as national leaders in the field of class actions.  They have represented a wide range of clients in numerous class actions and have obtained hundreds of millions of dollars in settlements and verdicts on behalf of their clients.  In addition to the above mentioned cases, attorneys at PSWP currently serve as co-lead counsel in the prominent cases *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827),

1   and hold, or have held, leadership roles in various other notable complex litigation and class

2   action cases. With strategically located offices in Los Angeles and San Francisco, PSWP is at the

3   forefront of significant consumer and complex business litigation, and is able to effectively and

4   resourcefully represent the putative Class in this case. The attorneys who will be working on this

5   case include the following experienced class action attorneys:

6       **Bruce L. Simon** is a name partner who specializes in complex litigation and class actions.

7   While at his prior firm, Mr. Simon served as lead or co-lead counsel in several nationwide

8   antitrust class actions, including: *In re Sodium Gluconate Antitrust Litigation* (N.D. Cal., MDL

9   No. 1226), an antitrust case involving a food additive product; *In re Methionine Antitrust*

10  *Litigation* (N.D. Cal., MDL No. 1311), an antitrust class action that resulted in over $100 million

11  in settlements; and *In re Citric Acid Antitrust Litigation* (N.D. Cal., MDL No. 1092), which

12  resulted in over $80 million in settlements for direct purchasers.

13      More recently, Mr. Simon, on behalf of his prior firm, served as co-chair of discovery in

14  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D. Cal., MDL No. 1486),

15  which settled for over $325 million to the direct purchaser class. In that case, Mr. Simon and co-

16  counsel supervised the review of a multi-million page electronic document production and the

17  taking of over 100 depositions, all in coordination with the indirect purchaser plaintiffs and the

18  government. Currently, Mr. Simon is serving as interim co-lead counsel for the direct purchaser

19  plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827).

20  Accordingly, Mr. Simon is experienced in handling the legal and factual issues that are

21  anticipated in this proceeding.

22      Not only has Mr. Simon effectively managed cases through pretrial proceedings, but he

23  has also taken many complex cases to trial. For example, he tried the *Osborne Securities* case in

24  Santa Clara County and won a multi-million dollar jury verdict. That case involved critical issues

25  about the responsibilities of accountants and eventually went to the Supreme Court, setting

26  standards for accounting liability in California. He also represented Union Bank in a case against

27  a national accounting firm and obtained a $7 million jury verdict that was upheld on appeal.

28

1    Mr. Simon is a frequent speaker on trial strategies in business cases, and he has lectured

2    throughout the United States and internationally.  He is a past chair of the California State Bar's

3    Antitrust and Unfair Competition Section and the Business Torts Section of the American Trial

4    Lawyers Association.  Mr. Simon is the co-author of the *Matthew Bender Practice Guide:*

5    *California Unfair Competition and Business Torts* (2004), which provides in-depth and practical

6    coverage of the state's Unfair Competition Law, as well as antitrust law and other commonly

7    prosecuted business torts.  He is also the immediate past chair of the Board of Directors for

8    Hastings College of the Law.

9    **Daniel L. Warshaw** is a name partner with extensive experience arguing complex

10   litigation and class action cases.  He has served as Class Counsel in numerous cases, including: *In*

11   *re Homestore Litigation* (a securities class action); *In re Automotive Refinishing Paint Cases* (an

12   antitrust case alleging price-fixing by Defendants of automotive refinishing products); *Rueda v.*

13   *Schlumberger Resources Management Services, Inc.* (a class action involving customers of the

14   Los Angeles Department of Water & Power who had lead leaching water meters installed on their

15   property); *Hart v. Central Sprinkler Corporation*; *In re iPod nano Cases*; *Nguyen v. First USA*

16   *N.A.*; *Morales v. Associates First Financial Capital Corporation*; *In re AEFA Overtime Cases*;

17   *Khan v. Denny's Holdings, Inc.*; and *Kosnik v. Carrows Restaurants Inc.*  Mr. Warshaw also

18   served as Class Counsel in *Olson v. Volkswagen of America, Inc., et al*, where he was

19   instrumental in obtaining a *100% reimbursement of all costs* associated with vehicular timing belt

20   failures, including lodging, meals, and car rentals for Class members, as well as an extended

21   warranty.  Mr. Warshaw served as a contributor for The Rutter Group Federal Civil Trials and

22   Evidence and the upcoming Rutter Group publication, *Civil Claims and Defenses*, Practice

23   Guides relating to California consumer protection statutes.  Warshaw Decl., ¶¶ 6-9, 11.

24   Mr. Warshaw, with co-counsel is supervising the document review in the *In Re TFT-LCD*

25   litigation which involves in excess of 6 million documents in multiple languages and a review

26   team spread across the country.  Warshaw Decl., ¶ 8.  He is also currently managing the document

27   review and negotiating Electronically Stored Information ("ESI") protocols in the *In Re CRT*

28

1   *Antitrust Litigation* matter.  He currently serves as Co-Lead Class Counsel in the aforementioned

2   *Wolph v. Acer America Corp.* litigation.  *Id.*

3                    **2.      Hausfeld LLP ("Hausfeld")**

4           Hausfeld is widely acknowledged to be one of the nation's most prominent plaintiffs'

5   class action firms, and its attorneys possess wide-ranging expertise in class action litigation that

6   they will bring to bear in this matter.  Hausfeld attorneys have been repeatedly recognized as

7   leaders in the class action bar by publications such as *The New York Times* and *The Wall Street*

8   *Journal*.

9           Hausfeld is currently serving as Co-Lead Counsel in thirty-five major national class action

10  cases, including several cases involving fraudulent advertising, breach of warranty, and other

11  claims similar to those herein.  Members of the firm have achieved notable recent successes,

12  including in this District, in terms of settlements and leadership appointments, as follows:

13              *In re International Air Transportation Surcharge Antitrust Litig.*,
14              ("*Air Passenger*").  Case No. M:06-cv-01793-CRB, MDL No.
                1793 (N.D. Cal.).  Hausfeld was appointed by the Hon. Charles R.
15              Breyer as Interim Co-Lead Counsel on behalf of thousands of air
                travellers around the world against British Airways and Virgin
16              Atlantic Airways for fixing prices of air passenger transportation to
                and from the UK to all long-haul destinations in the world.  This
17              matter settled in 2009 for approximately $190 million.

18
                *Ross v. Trex Co., Inc.,* No. C 09-670 JF (PVT) (N.D. Cal.).
19              Hausfeld is one of the Class Counsel in this matter where the Hon.
                Jeremy Fogel approved a nationwide settlement providing for
20              replacement of defective decking products as well as cash labor
                payments.
21

22              *In re Transpacific Passenger Air Transport Antitrust Litig.*, 3:07-
                cv-05634 (N.D. Cal.).  In 2009, Hausfeld was appointed by the
23              Hon. Charles R. Breyer as Interim Co-Lead Counsel for a putative
                class of direct purchaser plaintiffs in this antitrust class action
24              alleging a conspiracy by airlines to fix the prices of passenger fares
                and/or fuel surcharges for trans-Pacific air passenger transportation
25              services to and from the United States in violation of the federal
                Sherman Act.  The Court recently denied most of the Motions to
26              Dismiss in the case.  *In Re: Rubber Chemicals Antitrust Litig.*,
                Master Docket No. C-03-1496 (N.D. Cal.). In 2006, in this matter
27              before the Hon. Martin J. Jenkins, Hausfeld lawyers, serving as
                Co-Lead Counsel, settled the direct purchaser class's global price-
28

fixing claims with defendants Flexsys N.V., Flexsys America L.P., Akzo Nobel Chemicals International B.V., Akzo Nobel Chemicals, Inc., Crompton (now Chemtura) and Bayer for more than $300 million.

*Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537 (W.D. Wa. 2009) ("*ChoiceDek*")  Hausfeld served as one of the Class Counsel in a nationwide class action settlement involving defective decking consisting of approximately 140,000 consumers.  The settlement provided free deck cleanings and, if mold returned, replacement product for affected consumers.  While the settlement claims are still being processed, the total value of the settlement is estimated to be between $25 and $50 million.

*In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C.).  Hausfeld lawyers served as co-lead counsel for two certified classes of businesses that directly purchased bulk vitamins and were overcharged as a result of a ten-year global price-fixing and market allocation cartel.  Chief Judge Hogan approved eight major settlements between certain vitamin defendants and the Class Plaintiffs, including a landmark partial settlement of $1.1 billion. In a later trial before Chief Judge Hogan concerning unsettled, a federal jury in Washington unanimously found the remaining defendants liable for participating in the cartel and ordered them to pay approximately $50 million which was trebled to $150 million under the federal antitrust laws.

Hausfeld's lawyers have garnered significant praise from District Court judges, including in California.  In *Air Passenger*, for example, the firm was praised by District Judge Charles R. Breyer of the Northern District of California for its efforts in achieving "really, an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case."  The Court also stated that the firm's lawyers are "more than competent.  They are outstanding."  *See* Pizzirusso Decl.,¶ 5.  Similarly, in *Four In One Company, Inc. v. SK Foods*, 08-cv-03017, 2009 WL 747160 (E.D. Cal., March 20, 2009), District Judge Morrison C. England Jr. of the Eastern District of California praised the Hausfeld firm for having "the breadth of experience, resources and talent necessary to navigate a case of this import."  In that case, several firms were seeking appointment as interim lead counsel.  The court held that "[a]lthough there [was] no question that the other firms proposed as co-lead counsel are also well qualified," Hausfeld and one other firm "st[ood] out

1   from the rest," leading the court to appoint Hausfeld and the other firm as Interim Co-Lead

2   Counsel.  *Id.* at *3.

3        Additional details on the firm, including its work on consumer rights and in other

4   significant litigation, are supplied in its Firm Resume (*see* Pizzirusso Decl., Exh. A) and on its

5   website, located at <http://www.hausfeldllp.com>.[2]  The Hausfeld attorneys that have worked on

6   this case from its inception, and that will continue to staff this matter, include (but are not limited

7   to) the following experienced class action attorneys:

8        **Michael P. Lehmann**, the head of Hausfeld's San Francisco office, has 33 years of

9   experience in complex and class action litigation, with a practice that has ranged from class action

10  litigation, to business litigation on behalf of individual clients, to extensive regulatory work

11  before federal, state, and international bodies, to domestic and international arbitration.  Prior to

12  joining Hausfeld, Mr. Lehmann had worked at what became Furth Lehmann LLP, where he

13  eventually served as Managing Partner.  In recent years, he has served as co-lead counsel in

14  numerous class action cases, including in this District, in numerous state court actions in

15  California, and in various national class actions around the country.  Mr. Lehmann played a major

16  role in a number of the most important recent multidistrict class actions, including: *In re*

17  *International Air Transport Surcharge Antitrust Litig.*, MDL No. 1793 (N.D. Cal.) ("*Air*

18  *Passenger*"); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, MDL No. 1913

19  (N.D. Cal.); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.); *In re*

20  _____

21  [2]  With respect to pro bono work, members of the Hausfeld firm pioneered the efforts on behalf of
    Holocaust victims to recover a portion of their family's assets that were wrongfully taken from

22  them by certain Swiss Banks and their German collaborators during World War II.  In total, $1.25
    billion in assets was recovered for these victims. Hausfeld lawyers also represented the largest

23  group of survivors and their families who had been forced into slave labor for German companies
    during World War II.  Hausfeld's efforts resulted in an agreement by these companies and the

24  German Government to create a fund of $5.2 billion from which individual payments were made
    to victims wherever in the world they resided.  Hausfeld lawyers additionally litigated a case

25  against the government of Japan on behalf 200,000 women that had been forced into prostitution

26  by the Japanese military during World War II. These so-called "comfort women" were
    systematically held against their will and raped by Japanese military personnel during Japan's

27  conquest of Southeast Asia.  Additionally, Hausfeld lawyers represented survivors of the 1921
    Tulsa Race Riot.

28

1   *Publication Paper Antitrust Litig.*, MDL No. 1631 (D. Conn.); *In re High Pressure Laminates*

2   *Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), and *In re Graphics Processing Units Antitrust Litig.*,

3   MDL No. 1826 (N.D. Cal.).

4       **James Pizzirusso**, the head of Hausfeld LLP's Consumer Protection practice group, has

5   extensive experience in class action litigation.  He currently serves as court-appointed lead or

6   interim lead counsel in two major class actions in this district: *See, e.g., Wolph v. Acer America*

7   *Corp.*, 272 F.R.D. 477 (N.D. Cal. 2011) (certifying nationwide class action involving defective

8   and false advertised computers) and *In Re Sony PS 3 "Other OS" Litigation*, Case No. C 10-1811

9   RS (N.D. Cal.), and has had significant roles in other California consumer class actions including

10  *In re iPod Cases*; JCCP No. 4355 (San Mateo County, California) (nationwide settlement on

11  behalf of purchasers of iPods which contained defective batteries approved in 2005).

12      He has served as Lead or Class Counsel in 4 other major nationwide class actions that

13  have settled in the last two years involving approximately $75-$100 million in cash and other

14  relief including: *Radosti v. Envision EMI, LLC*, --- F.Supp.2d ----, 2011 WL 159662 (D.D.C.

15  January 19, 2011) (granting nationwide class certification and approving class settlement

16  regarding misrepresented inauguration program); *In re Tyson Foods, Inc., Chicken Raised*

17  *Without Antibiotics Consumer Litigation*, 1:08-md-01982-RDB, 2010 WL 1924012 (D. Md.

18  May 11, 2010) (granting nationwide class certification and approving class settlement over falsely

19  labeled chicken products); *Ross v. Trex Co., Inc*., No. 5:09-CV-00670, 2009 WL 2365865 (N.D.

20  Cal. July 30, 2009) (granting nationwide class certification and preliminarily approving class

21  settlement, later finally approved, involving defective decking products); *Pelletz v. Weyerhaeuser*

22  *Co.*, 255 F.R.D. 537 (W.D. Wash. 2009) (granting nationwide class certification and approving

23  settlement regarding defective decking products).

24      In March 2010, *Lawdragon Magazine* profiled Mr. Pizzirusso's practice in its "Lawyer

25  Limelight."[3]  He has served as an adjunct professor at George Washington University, has

26

27  ───────────────
    [3]

28  <http://www.lawdragon.com/index.php/newdragon/fullstory/lawyer_limelight_james_pizzirusso/
    >

1   published several articles, and presented on numerous topics involving class actions and

2   consumer protection law. Pizzirusso Decl., ¶¶ 8-11.

3   **B.      PSWP AND HAUSFELD WILL BEST BE ABLE TO REPRESENT THE
        PUTATIVE NATIONWIDE CLASS**

4

5      **1.      PSWP and Hausfeld have performed significant work in investigating
               and prosecuting this case.**

6       The Court should consider the work that Hausfeld and PSWP have already performed in

7   investigating and prosecuting this case.  Fed. R. Civ. P. 23(g)(1)(A).  The Advisory Committee

8   Notes (2003) provide that the investigatory and analytical efforts of counsel are an important

9   factor in appointing lead class counsel:

10             [i]n a case with a plaintiff class, the process of drafting the
               complaint requires some investigatory and analytical effort, tasks
11             that strangers to the action most likely will not have undertaken.
               All other things being equal, when an attorney has performed these
12             or other investigative and analytical tasks before making the
               application for appointment, he or she is in a better position to
13             represent the class fairly and adequately than attorneys who did not
               undertake those tasks.
14

15   MOORE'S FEDERAL PRACTICE § 23.120[3][a] (3d. ed. 2007).

16      PSWP and Hausfeld have a filed a comprehensive, 32-page Complaint detailing their

17   allegations and claims.  While this is the only Complaint on file at the moment, PSWP and

18   Hausfeld anticipate that additional Counsel may also file similar cases based, at least in part, on

19   the extensive preliminary work already completed by PSWP and Hausfeld.  PSWP and Hausfeld

20   are uniquely situated to efficiently prosecute this case based on the information they have already

21   received and reviewed, their familiarity with the claims, and their contacts with affected class

22   members.

23      **2.      Hausfeld LLP and PSWP have the experience necessary to serve as
               Interim Lead Class Counsel and have extensive knowledge of the
24             applicable law.**

25      Courts throughout the country have appointed PSWP and Hausfeld and their attorneys as

26   class counsel in hundreds of class actions, including many in this district.  Pizzirusso Decl., ¶¶ 4,

27   7; Warshaw Decl., ¶ 8.  Many of these appointments were in consumer fraud cases such as this

28   one, and these cases alone have led to hundreds of millions of dollars in cash relief to affected

consumers, plus additional equitable relief.  *Id*   Class members will benefit by the appointment of

counsel who have the experience of devising a fair settlement structure and claims protocol in

similar cases.  For example, in granting final approval in *Pelletz*, a case in which Hausfeld was a

lead counsel, Judge Coughenour of the Western District of Washington found that the settlement

provided "substantial benefits" to the Class without the delay, expense, and risk of litigation.

*Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542-43 (W.D. Wash. 2009).  PSWP's and

Hausfeld's vast experience in this area of the law is described in further detail in the

accompanying Declarations and the firms' resumes.  PSWP's and Hausfeld's extensive

experience in this area of law, combined with their successful resolution of similar cases,

demonstrate their unique qualifications to serve as lead counsel here.

### 3. PSWP and Hausfeld have the staffing and resources necessary to aggressively prosecute this case.

The Court should also consider, in part, the resources counsel will commit to representing

the Class.  Fed. R. Civ. P. 23(g)(1)(A)(iv).  A class is fairly and adequately represented where

counsel are qualified, experienced, and generally able to conduct the litigation on its behalf.  *See,*

*e.g., Wiener v. Dannon Co.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009); *In re NASDAQ Market-*

*Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy

requirement where they are able to prosecute the action vigorously).  As a truly international law

firm, with twenty-three lawyers in its offices in San Francisco, Washington D.C., and

Philadelphia, as well as in London and joint ventures in Asia and South America,  Hausfeld is

well-situated to prosecute a nationwide case such as this one.  Similarly, PSWP has fourteen

attorneys in offices in Los Angeles and San Francisco and extensive experience litigating claims

in the federal courts in California.

In addition to their lawyer professionals, who have developed national and international

reputations for top quality work, these firms also maintain staffs with dozens of paralegals,

investigators, litigation support staff, and others.  Two of PSWP's attorneys will also be actively

involved in this litigation.  These attorneys are Daniel L. Warshaw and Bruce L. Simon, both of

whom have extensive experience in complex litigation and class action cases and have obtained

1    favorable results for their clients in dozens of matters.  Two of Hausfeld's attorneys are also

2    actively involved in all facets of this litigation.  The lead attorney on the case is James J.

3    Pizzirusso, who is highly experienced in economic injury product defect law, and has served in a

4    leadership capacity in numerous cases.  Pizzirusso Decl., ¶ 8.  Supporting him is his partner,

5    Michael P. Lehmann, who has extensive experience in complex class action cases, including

6    numerous cases involving consumer fraud claims.  *Id*. at ¶¶ 9-10.

7         PSWP and Hausfeld also have the financial resources necessary to represent the Class, and

8    will commit the resources necessary to litigate this case vigorously to its conclusion.  Pizzirusso

9    Decl., ¶ 12; Warshaw Decl., ¶ 10.  PSWP and Hausfeld have already committed the full resources

10   of their firms, including the time and efforts of five of their senior attorneys, to perform legal

11   research and fact investigation in this case, and will continue to do so.  Accordingly, PSWP and

12   Hausfeld easily satisfy the adequacy requirement of Rule 23(g).

13              **4.      PSWP and Hausfeld will work cooperatively with all other interested
                          counsel to achieve the best result possible for the Class.**
14

15        The Court may also consider any other factors that are relevant to the appointment of lead

16   counsel.  Fed. R. Civ. P. 23(g)(1)(B).  Here, one important factor is PSWP's and Hausfeld's

17   demonstrated ability to work efficiently and cooperatively with co-counsel.

18        This case may eventually involve plaintiffs represented by several firms.  Therefore, it is

19   important that lead counsel give voice to all interested parties and be capable of working

20   cooperatively to forge consensus when necessary.  PSWP is serving in a co-lead capacity in the

21   *TFT-LCD* case, which involve large Executive Committees interfacing with the indirect purchaser

22   plaintiffs' counsel. Similarly, in settling the *ChoiceDek*, *Tyson*, *Envision*, and *Trex* cases in the

23   last year, Hausfeld showed these very qualities in working with many different firms involved in

24   those cases.  Further, as demonstrated in their firm resumes, Hausfeld and PSWP have worked in

25   a leadership capacity on countless nationwide cases involving a number of firms with

26   demonstrated success.

27        Thus, by appointing PSWP and Hausfeld, the Court will be assured that Co-Lead Counsel

28   have the knowledge and standing necessary to include any other potentially interested parties and

1   act upon consensus views, thereby minimizing conflicts that can otherwise hamper complex,

2   nationwide litigation such as this.

3   **V.      <u>CONCLUSION</u>**

4          PSWP and Hausfeld have expended significant time and independent effort developing

5   this case and are fully committed to reaching a favorable resolution for aggrieved consumers.

6   They have the experience and resources necessary to serve as Lead Counsel, particularly given

7   their successful resolution of similar cases.  For all these reasons, the Court should appoint PSWP

8   / / /

9   / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1   and Hausfeld as Interim Lead Class Counsel.

2

3   DATED: June 17, 2011

4

5   By: _____/s/_____
                        Daniel L. Warshaw

6   CLIFFORD H. PEARSON (Bar No. 108523)
    cpearson@pswplaw.com
7   DANIEL L. WARSHAW (Bar No. 185365)
    dwarshaw@pswplaw.com
8   BOBBY POUYA (Bar No. 245527)
    bpouya@pswplaw.com
9   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    15165 Ventura Boulevard, Suite 400
10  Sherman Oaks, California 91403
    Telephone: (818) 788-8300
11  Facsimile:  (818) 788-8104

12  JAMES J. PIZZIRUSSO (pro hac vice)
    jpizzirusso@hausfeldllp.com
13  **HAUSFELD LLP**
    1700 K Street NW, Suite 650
14  Washington, DC  20006
    Telephone: (202) 540-7200
15  Facsimile:  (202) 540-7201

16  BRUCE L. SIMON (Bar No. 96241)
    bsimon@pswplaw.com
17  **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    44 Montgomery Street, Suite 2450
18  San Francisco, California 94104
    Telephone: (415) 433 9000
19  Facsimile:  (415) 433 9008

20  MICHAEL P. LEHMANN (Bar No. 77152)
    mlehmann@hausfeldllp.com
21  **HAUSFELD LLP**
    44 Montgomery Street, Suite 3400
22  Telephone: (415) 633-1908
    Facsimile:  (415) 693-0770
23

24  Attorneys for Plaintiff Joshua Kairoff and All Others
    Similarly Situated

25

26

27

28